IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAY AINSWORTH,<br><br>　　Plaintiff/Judgment Debtor,<br><br>vs.<br><br>INDEPENDENT SCHOOL DISTRICT NO. 3 OF TULSA COUNTY, OKLAHOMA,<br><br>　　Defendant/Judgment Creditor,<br><br>and<br><br>WACKENHUT CORPORATION,<br>　　Garnishee. | Case No. 04-CV-694-JHP-PJC |

**REPORT AND RECOMMENDATION**

The Motion for Entry of Judgment Against Wackenhut Corporation [Dkt. 106] is before the undersigned United States Magistrate Judge for Report and Recommendation. The undersigned RECOMMENDS that the Motion be GRANTED and that judgment be entered against Wackenhut Corporation (Wackenhut) in the principal amount of $2,883.25 plus costs of the garnishment, including a reasonable attorney fee in the additional amount of $2,472, as outlined in the Supplement to the Motion for Entry of Judgment. [Dkt. 111].

The Court entered judgment in favor of Defendant, against Plaintiff. [Dkt. 74]. An order taxing costs against Plaintiff in the amount of $2,883.25 was entered. [Dkt. 82]. A Garnishment Summons was issued to Wackenhut. [Dkt. 88]. Wackenhut failed to answer. Plaintiff requested, but was denied claims for exemptions. [Dkt. 101].

The undersigned granted Defendant's motion for an order requiring Wackenhut to comply with the Garnishment Summons. [Dkt. 104]. Pursuant to the terms of 12 Okla. Stat. § 1179, the order required Wackenhut to file its answer to the Garnishment Summons

on or before November 15, 2006, and instructed Wackenhut to deliver to Defendant's attorney any money it was required to pay under the Garnishment Summons. The order also advised that failure to comply with the requirements of the order would result in judgment being rendered against Wackenhut in the principal amount of $2,883.25, plus costs of the garnishment, including a reasonable attorney fee. [Dkt. 104].

Wackenhut has failed to comply with the requirements set out in the Order. Defendant has filed a Supplemental Brief outlining the attorney fees incurred in prosecuting the garnishment against Wackenhut. [Dkt. 111]. The undersigned finds that Defendant's request for $2,472 in attorney fees to prosecute the garnishment is reasonable.

12 Okla. Stat. § 1179 provides, in relevant part:

> If the garnishee shall fail to file and deliver or mail the answer affidavit as required in the order . . . then the court shall render judgment against the garnishee for the amount of the judgment and costs including due the judgment creditor from the defendant in the principal action together with the costs of the garnishment, including a reasonable attorney's fee to the judgment creditor for prosecuting the garnishment.

In accordance with the terms of the foregoing statute, the undersigned RECOMMENDS that judgment be entered against Wackenhut in favor of Defendant in the amount of the principal judgment $2,883.25, plus a reasonable attorney fee of $2,472.

Defendant is hereby required to make appropriate arrangements for this Report and Recommendation to be served on Wackenhut in accordance with Fed.R.Civ.P. 4 and 12 Okla. Stat. § 2004. Proof of such service shall be filed with the court.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 24th day of January, 2007.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE