**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAY AINSWORTH, )<br>)<br>      **Plaintiff/** )<br>      **Judgment Debtor,** )<br>)<br>v. )<br>)<br>**INDEPENDENT SCHOOL DISTRICT** )<br>**NO. 3 OF TULSA COUNTY,** )<br>**OKLAHOMA** )<br>)<br>      **Defendant/** )<br>      **Judgment Creditor** )<br>)<br>and )<br>)<br>**WACKENHUT CORPORATION,** )<br>)<br>      **Garnishee.** ) | Case No. 04-CV-694-JHP |

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Frank H. McCarthy (Docket No. 112), filed January 24, 2007, regarding the Motion for Entry of Judgment Against Wackenhut Corporation (Docket No. 106) filed by Defendant Independent School District No. 3 of Tulsa, Oklahoma. Also before the Court are the Objection to the Magistrate Judge's Report and Recommendation by Garnishee Wackenhut and Defendant's Response thereto.

On May 31, 2007, the Court entered judgment for Defendant and against Plaintiff Jay Ainsworth. The Court Clerk entered an order taxing costs of $2,883.25 against Plaintiff. A garnishment summons was issued to Wackenhut, Plaintiff's employer, on July 31, 2006, which Wackenhut failed to answer. Plaintiff claimed but was denied exemptions for wages earned from Wackenhut.

As a result, on October 18, 2006, Defendant filed its Motion for Order Requiring Garnishee to Comply with Garnishment Summons. In his Order granting Defendant's Motion, the Magistrate Judge specifically required that Wackenhut "file its answer to the...Garnishment Summons...on or before November 15, 2006." (Docket No. 104 at ¶ 1.) In addition, Wackenhut was to "deliver to [Defendant] any money that Wackenhut is required to pay pursuant to the Garnishment Summons." (Docket No. 104 at ¶ 2.) The Magistrate Judge further noted that "[i]f Wackenhut fails to comply with the requirements of this Order, judgment will be rendered against Wackenhut in the principal amount of the judgment against [Plaintiff] ($2,883.25) plus costs of garnishment, including a reasonable attorney fee to [Defendant] for prosecuting the garnishment." (Docket No. 104 at ¶ 3.) The Magistrate Judge's Order was served on Wackenhut by Defendant.

After Wackenhut failed to respond to the Magistrate Judge's Order, on November 17, 2006, Defendant filed its Motion for Judgment, to which Wackenhut failed to respond. After considering Defendant's Supplement setting forth its attorney fees and in accordance with his October 19, 2006 Order, the Magistrate Judge issued his Report and Recommendation in which he recommended that the Court enter judgment for Defendant and against Wackenhut in the principal amount of $2,883.25, plus a reasonable attorney fee of $2,472.

On February 1, 2007, Wackenhut submitted its objection to the Magistrate Judge's Report and Recommendation. In its Objection, notes that at the time of the garnishment summons, Plaintiff had filed for exemption from the garnishment. In addition, Wackenhut asserts, without citing legal authority, that Plaintiff did not earn enough to have his income garnished. Finally, Wackenhut asserts that Plaintiff terminated his employment with Wackenhut on September 17, 2006.

Having reviewed the pleadings in this case, the Court concludes that the Magistrate Judge's Report and Recommendation is well supported in fact and law. Indeed, Okla. Stat. tit. 12, § 1179, relied upon by the Magistrate Judge in formulating both his October 19, 2006 Order and his Report and Recommendation, expressly provides:

> If the garnishee shall fail to file and deliver or mail the answer affidavit as required in the order...then the court shall render judgment against the garnishee for the amount of the judgment and costs due the judgment creditor from the defendant in the principal action together with the costs of the garnishment, including a reasonable attorney's fee to the judgment creditor for prosecuting the garnishment.

Wackenhut's Objection fails to identify any facts or legal authority excusing its failure to comply with the explicit and unambiguous terms of the Magistrate Judge's October 19, 2006 Order. Accordingly the Court finds and orders that the Magistrate Judge's Report and Recommendation (Docket No. 112) be affirmed and adopted as this Court's Findings and Order and directs that judgment be entered in favor of Defendant and against Wackenhut in accordance therewith.

IT IS SO ORDERED this 13th day of March, 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma